**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DOLANDON MACK**                                                                                         **PLAINTIFF**

V.                                              **4:07CV00074-WRW**

**TIM DILLON, et al.**                                                                                 **DEFENDANTS**

### ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 13). Plaintiff has responded.[1] Also pending is Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 23). Defendants have not responded and the time for doing so has passed.

Plaintiff's complaint alleges causes of action under 42 U.S.C. § 1983 and for state law claims of assault and battery for events that happened on January 31, 2004.[2] Defendants assert that the Complaint should be dismissed for several reasons: (1) statute of limitations; (2) insufficiency of process; and (3) failure to state a claim.[3]

**A.     Statute of Limitations**

Defendants contend that Plaintiff's complaint should be dismissed because it was filed outside the statute of limitations. The events that giving rise to this litigation occurred on January 31, 2004; the complaint was filed on February 7, 2007.

---

[1] Doc. No. 22.

[2] Doc. No. 2.

[3] Doc. No. 14.

1.   **Assault and Battery**

Tort claims of assault and battery are subject to a one-year statute of limitations.[4] Plaintiff concedes that his state law claims should be dismissed.[5] Accordingly, Defendants' Motion is GRANTED on this point, and Plaintiff's state law claims for assault and battery are DISMISSED.

2.   **42 U.S.C. § 1983**

The statute of limitations for § 1983 claims is 3 years.[6] Defendants contend that because Plaintiff's Complaint was not file marked until February 2, 2007, it was filed outside the 3-year statute of limitations. However, an inmate's complaint is considered filed when the inmate places it in the prison mail system.[7]

Plaintiff asserts that his Complaint was delivered "to prison authorities on January 29, 2007, U.S. Postal Certification #7005 1160 0000 1340 2329. The Certified Mail receipt reflects that the U.S. Postal services receive the complaint at its Beaumont, Texas office on January 30, 2007."[8] Additionally, the envelope the Complaint was mailed in is postmarked January 30, 2007.

Viewing the facts and drawing all inferences in the light most favorable to Plaintiff,[9] Plaintiff's Complaint was filed within the applicable statute of limitations. Accordingly, Defendants' Motion is DENIED on this point.

---

[4]Ark. Code Ann. § 16-56-104(2)(A).

[5]Doc. No. 22.

[6]*Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991).

[7]*Sulik v. Taney County, Mo.*, 316 F.3d 813, 815 (8th Cir. 2003).

[8]Doc. No. 24.

[9]See *Burnham v. Ianni*, 119 F.3d 668, 673 (8th Cir. 1997).

### B. Insufficient Service of Process

Defendant contends that Defendants Dillon, Rayburn, Trudell, Swope, Timmons, White, and the City should each be dismissed because of insufficiency of service of process.[10] The Motion is DENIED on this point.

### C. Failure to State a Claim

Defendant asserts that Defendants Trudell, Swope, Timmons, and White should each be dismissed because Plaintiff has failed to state a claim upon which relief can be granted, since they are referenced in "a single unsupported allegation that they were part of a 'conspiracy.'"[11]

Viewing the facts and drawing all inferences in the light most favorable to Plaintiff,[12] the complaint has alleged factual allegations of conspiracy sufficient to state a claim for relief. Accordingly, Defendants' Motion is DENIED on this point.

### D. Motion for Leave to File Amended Complaint

Because Defendants have not responded and the time for doing so has passed, Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 23) is GRANTED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss is GRANTED in PART and DENIED in PART.

---

[10]Doc. No. 14.

[11]Doc. No. 14.

[12]See *Burnham v. Ianni*, 119 F.3d 668, 673 (8th Cir. 1997).

4

The Clerk of the Court is directed to prepare summons for Defendants Dillon, Rayburn, Trudell, Swope, Timmons, White, and the City of Little Rock.  The United States Marshal is, again, directed to serve a copy of the complaint and summons on Defendants Dillon, Rayburn, Trudell, Swope, Timmons, White, and the City of Little Rock, without prepayment of fees and costs or security therefore.

Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 23) is GRANTED. Accordingly, the Clerk of the Court is directed to file Plaintiff's Amended Complaint, which was attached to his motion as Exhibit 1.

IT IS SO ORDERED this 13th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE