IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DOLANDON MACK**                                                                   **PLAINTIFF**

**VS.**                                    **4:07-CV-00074-WRW**

**TIM DILLON,** *et. al.*                                                            **DEFENDANTS**

## ORDER

Pending is Defendants' Motion to Dismiss based on the statute of limitations and insufficiency of service of process (Doc. No. 45). Plaintiff has not responded and the time for doing so has passed. Also pending are Plaintiff's Motion to Appoint Counsel (Doc. No. 49) and Defendants' Motion to Continue (Doc. No. 50).

**I.    BACKGROUND**

Plaintiff's Complaint stems from his attempted robbery and subsequent arrest on January 31, 2004. Plaintiff asserts that after he attempted to rob a liquor store, he "placed his weapon in his pants, grabbed the money, and attempted to escape through the front door of the business."[1] According to Plaintiff, Defendants ordered Plaintiff to freeze, Plaintiff ran, and the Defendants fired their weapons. Plaintiff contends that he was shot twice in the leg, once in the shoulder, and once in the buttocks, and that an officer drove over him with a patrol car.

Plaintiff's Complaint, which was filed on February 7, 2007, asserts claims under § 1983, assault, battery, and conspiracy.[2]

On December 13, 2007, Plaintiff's assault and battery claims were dismissed, and Defendant's Motion to Dismiss, based on statute of limitations and insufficiency of service of process, was denied.[3] Plaintiff was permitted to file an Amended Complaint.

---

[1] Doc. No. 2.

[2] *Id.*

[3] Doc. No. 25.

-1-

On July 9, 2008, Defendants' again filed a Motion to Dismiss based on the statute of limitations and insufficiency of service of process.[4]  Plaintiff has not responded and the time for doing so has passed.

## II.    DISCUSSION

### A.    Statute of Limitations

For the same reasons that were outlined in the December 13, 2007 Order, Defendants' request for dismissal based on the statute of limitations is DENIED.

### B.    Insufficient Service of Process

As to insufficiency of service of process, summonses for Defendants Roger Swope, Kathy Trudell, and Jana Rayburn were returned unexecuted on December 27, 2007.  Plaintiff was on notice that these summonses were unexecuted, and has not taken steps to perfect service.  Accordingly, Defendants' motion is GRANTED as to insufficient service; Defendants Swope, Trudell, and Rayburn are DISMISSED.

### C.    Motion to Appoint Counsel

It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case.[5]  However, a court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[6]  In making this determination, a court must consider the following factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.[7]  "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with the case."[8]

---

[4]Doc. No. 45.

[5]*Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

[6]*Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986).

[7]*Id*. at 1322-23.

[8]*Id*. at 1323.

Plaintiff's claim does not appear legally or factually complex.  Based on the content of Plaintiff's pleadings and motions filed thus far, the Court concludes that he is capable of prosecuting his claims without appointed counsel at this time.  Accordingly, Plaintiff's Motion for the Appointment of Counsel (Doc. No. 49) is DENIED without prejudice.

### D.    Motion to Continue

Defendants' assert that this case should be continued because the attorney working on the case is leaving his employment at the Little Rock City Attorney's Office.  Defendants' also point out that on July 8, 2008, they served Plaintiff with interrogatories and requests for production.  Additionally, Defendants assert that Plaintiff failed to respond to requests for information regarding the Rule 26(f) report and failed to submit any Initial Disclosures pursuant to Rule 26.

A jury trial, for this case, is scheduled to commence on October 21, 2008.  Discovery is to be completed by August 6, 2008, and dispositive motions must be filed by August 21, 2008.  The motion to continue trial date is DENIED at this point.  However, the discovery and dispositive motions deadlines will be moved. **Accordingly, discovery must be completed by September 10, 2008 and dispositive motions must be filed September 24, 2008.**

### CONCLUSION

Based on the findings of fact and conclusions of law above,  Defendants' Motion to Dismiss (Doc. No. 45) is GRANTED in PART and DENIED in PART.  Defendants Roger Swope, Kathy Trudell, and Jana Rayburn are DISMISSED.   Plaintiff's Motion to Appoint Counsel (Doc. No. 49) is DENIED.  Defendants' Motion to Continue (Doc. No. 50) is DENIED.

Plaintiff is reminded that he is expected to comply with the local rules and timely respond to discovery requests.  Failing to do so could result in dismissal of the case for failure to prosecute.

IT IS SO ORDERED this 5th day of August, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE