IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DOLANDON MACK**   **PLAINTIFF**

**VS.**   **4:07CV00074-WRW**

**TIM DILLON,** *et. al.*   **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion for Reconsideration (Doc. No. 74).

## I. BACKGROUND

Plaintiff's Complaint stems from his attempted robbery and subsequent arrest on January 31, 2004. Plaintiff asserts that after he attempted to rob a liquor store, he "placed his weapon in his pants, grabbed the money, and attempted to escape through the front door of the business."[1] According to Plaintiff, Defendants ordered Plaintiff to freeze, Plaintiff ran, and Defendants fired their weapons. Plaintiff contends that he was shot twice in the leg, once in the shoulder, and once in the buttocks, and that an officer drove over him with a patrol car.

The Complaint asserts claims under § 1983, assault, battery, and conspiracy.[2] On December 13, 2007, Plaintiff's assault and battery claims were dismissed, and Defendant's Motion to Dismiss, based on statute of limitations and insufficiency of service of process, was denied.[3] Plaintiff was permitted to file an Amended Complaint.

On July 9, 2008, Defendants again filed a Motion to Dismiss based on the statute of limitations and insufficiency of service of process.[4] As to the statute of limitations argument, the motion was denied. However, Defendants Swope, Trudell, and Rayburn were dismissed for

---

[1] Doc. No. 2.

[2] *Id.*

[3] Doc. No. 25.

[4] Doc. No. 46.

insufficient service.[5]  The Order also "reminded [Plaintiff] that he is expected to comply with the local rules and timely respond to discovery requests.  Failing to do so could result in dismissal of the case for failure to prosecute."[6]

On October 21, 2008, Defendants filed a Motion for Summary Judgment.  By November 12, 2008, Plaintiff had not filed a response -- which was due on November 4, 2008 -- and the motion was granted.  More than a month later, on December 9, 2008, Plaintiff filed a Motion for Reconsideration.

## II.   DISCUSSION

### A.   Reconsideration

According to Plaintiff, he did not respond to Defendants' motion because Plaintiff "never received any form of notification from this court surrounding the motion for summary judgment . . . not even a procedural time-table informing Plaintiff of filing deadlines."[7]  Plaintiff claims he wasn't aware that he was "obligated to respond to the defendants' motion for summary judgment by November 4, 2008."[8]  His position is without merit

The February 27, 2007, Order permitting Plaintiff to proceed with his case *in forma pauperis* informed Plaintiff that he would "be expected to be familiar with and follow the Federal Rules of Civil Procedure."[9]  Additionally, the July 9, 2008, Order reminded Plaintiff that he would be expected to follow the local rules for the Eastern District of Arkansas.  Local Rule 7.2(b) provides that responses to motions must be filed within eleven days (plus 3 days for mailing) from the date the motion is served on a party.

---

[5]Doc. No. 51.

[6]*Id*.

[7]Doc. No. 74.

[8]*Id.*

[9]Doc. No. 3.

**B.     Merits**

Even if Plaintiff's Motion was timely filed, it makes only conclusory statements that material facts remain in dispute. But, his conclusions are not supported by the evidence.

"A § 1983 claim for apprehension by force, deadly or not, constitutes a seizure subject to the Fourth Amendment," and the test is whether the seizure "was objectively reasonable" under the Fourth Amendment.[10] A court must consider the totality of the circumstances at the time of the seizure when examining whether an officer's actions are "objectively reasonable."[11] In a Fourth Amendment context, determining reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting or attempting to evade arrest by flight."[12]

The United States Supreme Court has held:

> Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.[13]

The undisputed facts in this case are: on January 31, 2004, around 11:00 p.m., Plaintiff robbed the Barrow Liquor store. Shortly thereafter, while Plaintiff was still in the store, Little Rock police officers arrived on the scene. According to Plaintiff, he "placed his weapon in his pants,

---

[10]*Billingsley v. City of Omaha*, 277 F.3d 990, 993 (8th Cir. 2002) (citing *Graham v. Conner*, 490 U.S. 386, 395 (1989)).

[11]*Graham v. Conner*, 490 U.S. 386, 397 (1989)

[12]*Id.* at 396.

[13]*Tennessee v. Garner*, 471 U.S. 1 (1985)

grabbed the money, and attempted to escape through the front door of the business."[14] While Plaintiff was fleeing the store, Officer Dillon directed him to "freeze," but Plaintiff ran. Officer Dillon fired his weapon. Officer Rayburn drove around the building and encountered Plaintiff, who appeared to have fallen after being shot. Plaintiff jumped up and continued to run. Officer Rayburn bumped Plaintiff with her car and knocked him off balance. Next, Officer Rayburn exited the vehicle, directed Plaintiff to stop, but he continue to run. Officer Rayburn then shot Plaintiff and he fell to the ground and was cuffed.

This sequence of events was verified by the affidavits from officers, witnesses, and the patrol car videos -- not to mention Plaintiff's Complaint.

Based on the particular facts in this case, it was objectively reasonable for officer to use deadly force to prevent the escape of an armed robber who threatened infliction of serious physical harm and refused to follow the officers' commands to freeze.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 12th day of December, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[14]Doc. No. 2.